UNITED STATES of America, Plaintiff,

v.

PEPPER'S STEEL & ALLOYS, INC.,
et al., Defendants.

William U. PAYNE, et al., Plaintiffs,

v.

UNITED STATES FIDELITY &
GUARANTY COMPANY, et al.,
Defendants.

PEPPER'S STEEL & ALLOYS, INC.,
et al., Plaintiffs,

v.

FLORIDA POWER & LIGHT
COMPANY, Defendant.

FLORIDA POWER & LIGHT COMPA-
NY, Cross–Plaintiffs/Third
Party Plaintiff,

v.

PEPPER'S STEEL & ALLOYS, INC.,
et al., Cross–Defendant,

and

United States Fidelity & Guaranty
Company, et al., Third Party
Defendants.

Thomas CURTIS, Plaintiff,

v.

GENERAL ACCIDENT INSURANCE
CO., et al., Defendants.

Nos. 85–0571–Civ, 86–1531–Civ.

United States District Court,
S.D. Florida,
Miami Division.

Oct. 17, 1990.

Gregg R. Schwartz, Keith, Mack, Lewis, Allison & Cohen, Miami, Fla., William Martin, Peterson &' Bernard, Fort Lauderdale, Fla., Lester O. Brown, Anderson, Kill, Olick & Oshinsky, P.C., New York City, for Pepper's and Bloom.

Oscar Blasingame, Blasingame, Forizs & Smiljanich, P.A., St. Petersburg, Fla., Stanley V. Buky, George, Hartz & Lundeen, P.A., Coral Gables, Fla., for CNA.

John M. Murray, Sheryl Berkowitz, Thornton, David & Murray, P.A., Landon K. Clayman, Baker & McKenzie, Miami, Fla., for HOME.

Steven R. Berger, Wolpe, Leibowitz, Berger & Brotman, Miami, Fla., for Continental Cas.

John Barkett, Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, Fla., for FPL.

Jack Chisolm, Deputy Gen. Counsel, Tallahassee, Fla.

Elizabeth Nelson, Mendes & Mount, New York City.

Greg M. Gaebe, James A. Walker, Gaebe, Murphy, Mullen & Antonelli, Coral Gables, Fla. for London Market Insurers.

Richard L. Wassenberg, Ponzoli & Wassenberg, P.A., Miami, Fla., David Cassidy, Stephen Smirti, Edward T. Finneran III, Rivkin Radler Bayh Hart & Kremer, Uniondale, N.Y., for USF & G.

Lawrence W. Puckett, Environmental Enforcement Section, Land·& Natural Resources Div., U.S. Dept. of Justice, Washington, D.C.

Robyn Herman, Asst. U.S. Atty., S.D. Florida, Miami, Fla.

Rueben Bussey, Office of Regional Counsel, U.S.E.P.A., Region IV, Atlanta, Ga.

John W. Wilcox, Rudnick & Wolfe, Tampa, Fla., for Paynes and Curtis.

Kathleen A. Touby, Touby Smith DeMahy & Drake, P.A., Miami, Fla., for Miami Battery.

David B. Weinberg, Weinberg, Bergeson & Neuman, Washington, D.C.

## MEMORANDUM OPINION

ORDER GRANTING IN PART AND DENYING IN PART EMERGENCY JOINT MOTION TO COMPEL DISCOVERY AND ANSWERS TO DEPOSITION QUESTIONS BY UNITED STATES FIDELITY AND GUARANTY CO.

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon the motion of Third Party Plaintiff,

FLORIDA POWER & LIGHT COMPANY ("FPL"), and Plaintiffs', PEPPER'S STEEL & ALLOYS, INC. and NORTON BLOOM (collectively "PEPPER'S"), Emergency Motion to Compel Discovery and Answers to Deposition Questions by UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF & G"). Upon consideration of said motion, USF & G's Response and FPL and PEPPER'S Reply, and having been otherwise advised in the premises, the Court finds as follows:

## I. *Background*

Pursuant to Rule 30(b)(6), Fed.R.Civ.P., FPL noticed USF & G for deposition with an attached schedule of topics to be covered in the depositions. USF & G designated five persons, including Donald Anderson, who would consent to testify on its behalf. Anderson was a supervising examiner for USF & G's liability division. His primary responsibilities as USF & G's liaison to the insurance coverage counsel in this case did not begin until the end of 1987, several years after the institution of these litigations.

Anderson's deposition commenced on June 4, 1990 and lasted for four days. Although USF & G raised no objections in advance of the deposition to any of the categories of information which were attached to the Notices of Deposition, Anderson repeatedly asserted the work product privilege under Rule 26(b)(3), Fed.R.Civ.P., as a basis for refusing to answer questions propounded by FPL. This refusal is the basis of FPL and PEPPER'S Motion to Compel.

Rather than respond to each objection asserted during four days of deposition, the Court will set forth guidelines for Anderson's deposition and all remaining depositions. The Court reminds the parties that discovery should be conducted extrajudicially. Accordingly, the parties must attempt to resolve their discovery disputes before seeking court intervention. Rule 10(I)(7) of the Local Rules of the Southern District of Florida. If the parties fail to attempt a good faith resolution of their discovery disputes, this Court will not hesitate to impose sanctions.

## II. *Discussion*

■ There are two types of work product created under Rule 26(b)(3).[1] First, fact work product consists of "documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Rule 26(b)(3), Fed.R.Civ.P. The party seeking such discovery must show a "substantial need" and "undue hardship" in obtaining the materials or their substantial equivalent by other means. *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir.1984), *rev'd on other grounds*, 837 F.2d 1550 (11th Cir.1988). Facts gathered from documents by a party's representative are not protected as "fact work product." *In re Alexander & Grant Co. Litigation*, 110 F.R.D. 545, 548 (S.D.Fla.1986); *see also*, Wright & Miller, Federal Practice and Procedure: Civil § 2023 and cases cited therein ("The courts have consistently held that the work product concept furnishes no shield against discovery ... of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.")

---

**1.** Rule 26(b)(3), Fed.R.Civ.P., provides as follows:

> *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the

party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

■ Second, there is work product consisting of "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Rule 26(b)(3), Fed.R.Civ.P. This "opinion" work product is absolutely immune from discovery. *Board of Trustees of Leland Stanford Jr. Univ. v. Coulter Corp.,* 118 F.R.D. 532 (S.D.Fla.1987). USF & G contends that the questions involved in the instant motion involve opinion work product rather than fact work product.

As USF & G argues, opinion work product may be reflected in something as subtle as the act of selecting or ordering documents because this may reflect an attorney's opinion as to the significance of those documents in the preparation for his case. *Sporck v. Peil,* 759 F.2d 312 (3d Cir.1985), *cert. denied,* 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985); *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1329 (8th Cir.1986). This does not, however, permit a deponent to assert the work product privilege merely because the inquiry involves facts which are contained in those documents. *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling, et al.,* 120 F.R.D. 504, 509 (W.D.La.1988). The revelation of facts relevant to the litigation does not necessarily reveal the origin of those facts or how those facts were selected or ordered.

The discovery process is designed to fully inform the parties of the relevant facts involved in their case. As the Supreme Court stated in *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388–89, 91 L.Ed. 451 (1947),

> The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark.

A party is no longer prohibited from inquiring into the issues and facts before trial.

*Hickman,* 329 U.S. at 500–501, 67 S.Ct. at 388–389.

If construed too broadly, the work product privilege may interfere with the essential function of the discovery process of narrowing issues for trial. In *In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007, 1015 (1st Cir.1988), the Court stated,

> Whatever heightened protection may be conferred upon opinion work product, that level of protection is not triggered unless disclosure creates a real, nonspeculative danger of revealing the lawyer's thoughts.

*See also, In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d at 1017–1018 (criticizing both *Sporck* and *Shelton* ).

USF & G cites *Sporck v. Peil,* 759 F.2d 312 (3d Cir.1985), for the proposition that an attorney's selection of documents to be used in the litigation reveals his opinion work product. The *Sporck* decision is, however, distinguishable from the instant case. In *Sporck,* the plaintiff, Raymond K. Peil alleged that the defendants, National Semiconductor Corporation ("NSC"), and NSC's president, Charles F. Sporck, and chairman, Peter J. Sprague, conspired to artificially inflate the value of their corporation's stock. The defendants' attorneys prepared Sporck for a deposition by showing him numerous documents which they had selected. The defense counsel allowed Sporck to answer factual questions and questions regarding what individual documents he relied on to answer those questions. However, the defense counsel asserted the opinion work product objection when plaintiff's attorneys requested the identification and production of the documents which Sporck used in preparation for his deposition. The plaintiff filed a motion to compel production of these documents.

The District Court granted the plaintiff's motion to compel and held that although the selected grouping of documents was work product, it was not entitled to the absolute protection afforded opinion work product. On a writ of mandamus, the Court of Appeals reversed and remanded.

It held that the process of selecting documents to prepare Sporck for deposition reflected the defense counsel's mental impressions and legal opinions as to how the evidence and documents related to the issues in the case.

■ Under the rules and principles cited hereinabove, USF & G's instruction to the deponent regarding the parameters of the work product privilege was completely erroneous.[2] The work product privilege is not broad enough to prohibit all inquiry regarding information received from working with counsel, all information obtained after the institution of litigation, all information learned while working with counsel or other colleagues and all information learned while reviewing documents or having conversations in connection with the litigation. Any objection which the deponent asserted on the basis of the work product privilege as outlined by USF & G's counsel is invalid.

A. *Work Product Privilege Regarding Facts in Support of Party's Contentions*

■ Unlike the defendant in *Sporck*, USF & G is not asked to produce all of the documents which they selected for the deponent to use in preparation for his deposition. Rather, counsel for FPL and PEPPER'S has asked the deponent the factual basis for specific claims and defenses asserted by USF & G. To answer these questions, the deponent is required to categorize which facts support the claim or defense specified. He is not, however, required to produce or specify the documents on which he relies. Thus, the risk that the deponent will reveal mental impressions and legal opinions is far more remote than in the *Sporck* case.[3] Furthermore, USF & G cannot shield itself from discovery by objecting to all questions which would require the deponent to testify regarding facts learned while reviewing documents selected by USF & G's counsel. Otherwise, every witness that USF & G's counsel prepares for deposition pursuant to Rule 30(b)(6) could assert the work product doctrine on the basis that he learned the facts while reviewing documents selected by USF & G.

B. *Questions Regarding USF & G's Interpretation of Florida Law*

■ USF & G also objected to FPL and PEPPER'S inquiry regarding USF & G's interpretation of Florida law. This inquiry falls squarely within the opinion work product doctrine which protects an attorney's or other party representative from disclosing "mental impressions, conclusions, opinions, or legal theories." Rule 26(b)(3), F.R. Civ.P. Revealing a party's interpretation of law presents a real nonspeculative risk of revealing the thoughts of USF & G's counsel as well as the deponent. *In re San*

---

**2.** USF & G's counsel instructed his deponent as follows:

I'll allow the witness to answer over my objection, to the extent that the witness can answer and conclude that any other information that you have on this was received not on the basis of working with counsel in connection with this litigation or that you did not obtain this information in respect to the handling of this claim after litigation between Pepper's and USF & G.

If you can make that determination, Mr. Anderson, prior to the institution of this litigation and, if you make the determination outside of working in connection with the litigation, either with counsel or with your colleagues at USF & G, then, I'll allow you to answer the question.

Otherwise, I'm going to direct the witness not to answer on the ground that it called for privilege communications.

USF & G's counsel later added,

... if you've ever seen a document in connection with your working with counsel on this litigation or if you've seen a document subsequent to the institution of the litigation between Pepper's and USF & G, then, I'll direct you not to answer that.

If you could otherwise separate the information that you obtained in that regard, then, I'll allow you to answer, Mr. Anderson; otherwise, if you can't separate it in your mind or if you conclude that the answer to [opposing counsel's] question was obtained through conversations with counsel or your handling of this litigation, then, I'll direct you not to answer.

**3.** *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir.1986), is distinguishable on the same grounds.

*Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d at 1017–1018.

### C. *Questions Regarding Reserves and Other Facts Regarding Lost or Missing Policies*

 USF & G asserts that FPL and PEPPER'S questions regarding the reserves set aside by USF & G are protected by the work product doctrine.[4] Although the work product doctrine may protect reserve information where the reserves are established by counsel as an estimate of potential insurance coverage, USF & G does not allege that its reserves were established in such a manner. To the contrary, USF & G argues that its reserve information is immaterial to an analysis of coverage. Moreover, FPL and PEPPER'S inquiry into reserve information is directed to discovering whether certain USF & G

missing or lost policies exist rather than discovering whether there is coverage under these policies. This inquiry does not threaten USF & G's opinion work product. None of the authority cited by USF & G suggests to the contrary.

Accordingly, it is hereby,

ORDERED AND ADJUDGED that the parties shall conduct themselves in accordance with the guidelines set forth in this opinion.

DONE AND ORDERED.

---

**4.** USF & G also assert that questions regarding reserve information are improper because they are immaterial to an analysis of coverage. FPL and PEPPER'S do not dispute the immateriality of reserves in proving insurance coverage. They do not seek to discover reserve information to show there is coverage under the USF & G policies. Rather, they propound their questions regarding reserve information to discover evidence as to whether certain USF & G missing or lost policies even exist. Thus, the cases cited by USF & G to the effect that reserve information is immaterial to the analysis of coverage are inapposite to the instant case.