The **MEAD CORPORATION,** an Ohio Corporation, Plaintiff,

v.

**RIVERWOOD NATURAL RESOURCES CORPORATION,** a Delaware Corporation, d/b/a Minnesota Automation; **Federal Paper Board Co., Inc.,** a New York Corporation; and **William G. Everson,** an Individual, Defendants.

Civ. No. 5–91–21.

United States District Court,
D. Minnesota,
Fifth Division.

Oct. 27, 1992.

---

Robert T. Edell, Randall A. Hillson, Merchant Gould Smith Edell Welter & Schmidt, Minneapolis, MN, for plaintiff.

Stephanie A. Ball, Fryberger Buchanan Smith & Frederick, John Dennis Kelly, Hanft Fride O'Brien Harries Swelbar & Burns, Duluth, MN, Angelo J. Bufalino, James T. FitzGibbon, Lockwood Alex FitzGibbon & Cummings, Chicago, IL, Robert C. Brandenburg, Ernie L. Brooks, John M. Halan, Brooks & Kushman, Southfield, MI, for defendants.

## ORDER

McNULTY, United States Magistrate Judge.

The above-titled matter came before the undersigned United States Magistrate Judge, pursuant to general assignment made in accordance with Title 28 U.S.C. § 636(b)(1)(A), upon Plaintiff's motions for an order compelling discovery, and for an order permitting service of in excess of 50 Interrogatories. Plaintiff appeared through Robert T. Edell, Esq., Riverwood Natural Resources Corporation appeared through John M. Halan, Esq., and Federal Paper Board Company and William G. Everson appeared through Angelo Bufalino, Esq.

### I.

This action, sounding in patent infringement, is brought by the assignee of United States Letters Patent No. 4,237,673, which manufactures and leases packaging equipment and machines constructed as described in the patent. From 1984 to 1990, Minnesota Automation manufactured 24 packing machines which allegedly infringed upon the '673 patent. The majority of these machines were manufactured for sale to the Mechanical Packaging Division of Federal Paper Board Co., and, as a term of the sales, Federal Paper Board Co. agreed to indemnify Minnesota Automation for loss attributable to patent infringement claims.

The action was commenced against Minnesota Automation. About one month later, Federal sold its Mechanical Packaging Division to Riverwood, and, a few months later, Riverwood purchased Minnesota Automation from the sole shareholder, William G. Everson, and merged that corporation into Riverwood. Everson now serves as general manager of the Minnesota Automation Division of Riverwood.

Plaintiff claims that defendants infringed Patent '673 and that Riverwood continues

to manufacture and sell packaging machinery which infringes upon the patent, and that Federal continues to buy, sell and modify infringing machinery for industrial use.

In defense of this action, defendants deny infringement, allege that the '673 patent is invalid and unenforceable and allege that this action is barred by the statute of limitations and the doctrine of laches.

## II.

In June, 1992, plaintiff served Interrogatories and Requests for Production of Documents upon each defendant. Plaintiff found responses unsatisfactory and initiated discussions in an attempt to resolve differences. See, *L.R. 37.1.* These efforts were only partially successful, and it appears that dispute exists over responses by Riverwood to 14 Interrogatories and 27 Requests for Production, over responses by Federal to 7 Interrogatories and 16 Requests for Production, and over responses by Everson to 7 Interrogatories and 16 Requests for Production. Fortunately, upon analysis, we find that the discovery requests to defendants and responses by defendants, are in large part, duplicative, and although individual consideration was afforded, discussion of requests and responses can be categorized to some extent.

## III.

The first group of Interrogatories is exemplified by Interrogatory No. 23 addressed to Riverwood; to wit:

"Set forth in detail all of the facts upon which Riverwood intends to rely in support of its allegation in paragraph 30 of Defendant Riverwood's (Minnesota Automation's) Answer to the Amended Complaint that U.S. Patent, 4,237,673 has not been and is not being infringed by defendant Riverwood. Identify the individual(s) who made these determinations. Identify the three most knowledgeable employees and former employees of Riverwood, including their position or title, with respect to the facts Riverwood intends to rely on in support of this allegation."

Interrogatories 24, 25, 26, 27, 28 and 29, in virtually identical language, seek disclosure of facts pertaining to allegations of invalidity, scope of the patent, estoppel, the statute of limitations bar, and laches. The response to Interrogatory 23 is similarly typical:

"Riverwood objects to this request for 'all of the facts' as being overly broad and unduly burdensome.

Riverwood further objects because identification of 'all of the facts upon which Riverwood intends to rely' is protected under the work-product doctrine pursuant to Fed.R.Civ.P. 26(b)(3). The work-product doctrine protects against disclosure of mental impressions, conclusions, opinions or legal theories of an attorney. The sifting of relevant from irrelevant facts, the ordering of facts for prospective proofs and counsel's mental impressions or personal beliefs regarding those facts constitutes work-product. *See Hickman v. Taylor,* 329 U.S. 495, 510–11 [67 S.Ct. 385, 393–94, 91 L.Ed. 451] (1947); *Sporck v. Peil,* 759 F.2d 312 (3rd Cir.1985).

Riverwood also objects because its investigation and preparation of this case is still underway and Riverwood does not yet know which particular supportive facts it intends to rely upon."

The responses contain three objections. Disposition of two of them is rather simple.

█ Courts have consistently held that an objection to a discovery request cannot be merely conclusory, and that intoning the "overly broad and burdensome" litany, without more, does not express a valid objection. See, *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles,* 894 F.2d 1482 (5th Cir.1990); *Josephs v. Harris Corp.,* 677 F.2d 985 (3rd Cir.1982); *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16 (N.Y.1984); *Roesberg v. Johns–Manville Corp.,* 85 F.R.D. 292 (Pa. 1980). The party opposing discovery shoulders the burden of showing that discovery request is overly broad and burdensome, *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.,* 132 F.R.D. 204 (Ind.

1990), and the written objection must allege facts which demonstrate the extent and nature of the burden imposed by preparation of a proper response. Cf., *Chubb Integrated Systems, Ltd. v. National Bank of Washington*, 103 F.R.D. 52 (D.C.1984). Defendants have presented no specific facts to support this objection.

 The objection interposed to answering the Interrogatories at this time because investigation and preparation of the case is ongoing borders on the specious. Granted that the Interrogatories, read literally, seek disclosure of an intention which will not be fully formulated until sometime in the future, and are to that extent, ineptly phrased; but the Interrogatories should be reasonably interpreted in light of both letter and spirit of the discovery rules. An Interrogatory is directed to disclosure of information available to the party at the time of service. Cf., *Rule 33(a), Federal Rules of Civil Procedure.* Defendants are aware of this practical limitation, and, read reasonably, the Interrogatories seek disclosure of facts upon which the defenses were pled, and any additional corroborative or supporting facts marshalled since the pleading was interposed. That is what defendants are expected to disclose, and this Court looks askance at total resistance to discovery predicated upon semantic games.

 Defendants' reliance upon the work-product immunity afforded by Rule 26(b)(3) to resist answering the Interrogatories, directed towards the factual basis for defenses interposed in the Answer and claims asserted in the Counterclaim, is misplaced. The work-product doctrine codified by the Rule pertains solely to the discovery of documents and tangible things prepared in anticipation of litigation or for trial. The work-product immunity afforded by the Rule is designed to protect against forced disclosure of documents which reveal mental impressions, conclusions, opinions or legal theories of counsel which may be embodied in such documents, but becomes applicable only if the Court permits discovery of such documents. Plaintiff does not improperly seek production of documents through Interrogatories, and Rule 26(b)(3) is not applicable to Interrogatories.

Defendants' primary contention is that answering the Interrogatories by disclosing facts which form basis for the various defenses will reveal counsel's conclusions, impressions, and legal theories, and that, therefore, the factual basis for the allegations is immune from discovery. To resolve this question, we must revisit the discovery Rules and the broad teaching of *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1946).

 Rule 26 permits discovery of all non-privileged matter which is relevant to the subject matter of the action, whether it pertains to a claim or defense. The instruments of discovery serve as devices to narrow and clarify issues, to unearth facts or information pertaining to the existence and whereabouts of relevant facts, and to determine the adverse party's version of relevant facts and the purpose which they can serve. Cf., *United States v. Beatrice Foods Company*, 52 F.R.D. 14 (Minn.1971). The Rules, read literally, permit discovery of all relevant information not protected by a recognized privilege, but in *Hickman v. Taylor*, 153 F.2d 212 (3rd Cir.1945), the lower court created an immunity from discovery for what it "aptly though roughly" termed "work product of the lawyer." *Hickman v. Taylor*, supra, 329 U.S. at 511, 67 S.Ct. at 393. Certiorari was granted, evidently, to resolve divergent views of trial courts on propriety of imposing the limitation in discovery.

 In that case, counsel for plaintiffs was essentially attempting to force disclosure of copies of written statements taken from prospective witnesses by counsel for defendant, and, if oral statements were taken, to force disclosure of content of oral statements. Defendant objected contending that the discovery request called for privileged matter obtained in preparation for trial and was an indirect attempt to obtain counsel's files. The Court found that the material and information requested was not privileged, and resolved the issue on policy grounds, by balancing the purpose of discovery Rules with the histor-

ic and necessary way in which lawyers act within our system of jurisprudence. The Court noted that even the most liberal discovery theories cannot justify unwarranted inquiry into confidential matters or mental impressions of an attorney, and, in substance, held that written statements, private memoranda, personal recollections and similar material prepared or formulated by counsel in the course of legal duties and reposed in his files are not discoverable, as a matter of right. It is important to recognize that the Court did not create an absolute immunity for an attorney's files, but carefully qualified its holding:

> "We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye to litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had.

*Id.* at 511, 67 S.Ct. at 394.

One discerns that the paramount consideration is a litigant's access to anything and everything which is evidence, and that evidentiary material in an attorney's files is ordinarily discoverable. The doctrine, therefore, most frequently acts as a limitation on discovery of non-evidentiary material. *United States v. Nobles*, 422 U.S. 225, 243, 95 S.Ct. 2160, 2172, 45 L.Ed.2d 141 (1975) (White, J., concurring).

■ In support of their claim to work-product immunity, defendants rely upon *Sporck v. Peil*, 759 F.2d 312 (3d Cir.1985), cert. den. by *Peil v. Sporck*, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985). That opinion employed questionable rationale, but, in any event, is distinguishable. Cf., *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1017–18 (1st Cir. 1988). In *Sporck*, the defendants produced hundreds of thousands of documents for examination and copying. In preparing

Sporck, one of the defendants, for a discovery deposition, his attorney showed him an unknown number of the documents. At the deposition, plaintiff's counsel demanded identification and production of all documents which counsel had shown to Sporck and which he had examined. Counsel for Sporck refused to identify or produce the documents on grounds that the selected documents, as a group, represented counsel's legal opinion on evidence relevant to claims and defenses, and that the select grouping was the work-product of the attorney immune from discovery under Rule 26(b)(3). The trial court concluded that the select grouping of documents was not "opinion" work-product, and that Rule 612, Federal Rules of Evidence, supported plaintiff's position. *Sporck* sought a Writ of Mandamus directing the trial court to vacate the Order compelling production or identification of the documents. The Court discussed the holding in *Hickman v. Taylor* and the provisions of Rule 26(b)(3), and recognized the distinction between "ordinary" work-product and "opinion" work-product and the degree of protection afforded each; and concluded that in selecting documents that he thought relevant to Sporck's deposition counsel engaged in proper and necessary preparation of the case which he might have foregone without protection that work-product immunity affords. The court held that Rule 26(b)(3) placed an obligation on the trial court to protect against unjustified disclosure of defense counsel's selection process.[1]

The dissenting Judge on the three-judge panel disclosed weaknesses in the rationale by reminding the Court that the documents were not created in anticipation of litigation and that Rule 26(b)(3) was inapplicable, and that the discovery sought was of relevant objective facts which were not opinion or product of thought process of the attorney.

Regardless, in *Sporck* the documents were selected by counsel for the specific purpose of preparing the witness for an

---

1. The Court also held that counsel had not fulfilled conditions of Rule 612, Federal Rules of Evidence, and that the trial court's reliance on this Rule was error. One surmises that had plaintiff's counsel laid proper foundation, documents upon which the witness relied upon in giving testimony would be discoverable.

adverse deposition. One can assume that counsel intended that the preparation process, including the selected documents presented to the witness for examination, would always remain confidential, and it is not unreasonable to suggest that it might be possible to extrapolate backwards from the selection of certain documents to the lawyer's mental processes, legal theory or defense strategy. That is not the case here. The Interrogatories under consideration seek objective facts upon which defenses interposed were based and the identity of persons with knowledge of those facts. Counsel may have become privy to those facts during interviews or investigation early in the course of this litigation, but counsel did not create the facts and could not reasonably conclude that facts in his possession were confidential or expect them to remain confidential.

■ This Court is also aware of the holding in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir.1986), which seems to embrace the holding in *Sporck.* This case is also easily distinguished. In *Shelton,* plaintiff deposed defendant's in-house counsel who had engaged in a selective process of compelling and segregating documents from numerous files in preparation for the litigation. The lawyer claimed work-product immunity and refused to answer questions pertaining to existence or non-existence of various documents. The Court held that the case did not present the limited circumstances under which opposing counsel may be deposed, and that the information sought was clothed with work-product immunity. The Court reasoned that in-house counsel became familiar with numerous documents during investigation and examination of documents in preparation for trial of the case, that the process of selecting certain documents was based upon her professional judgment of issues and defenses and reflected her legal theories and thought processes, that any recollection of particular documents from the multitude examined would likely be limited to documents she selected as important to her legal theories; and, therefore, the acknowledgement of the existence of certain documents would reveal mental impressions, legal opinions and conclusions protected by work-product immunity. That is not the case here. The inquiry is not directed to counsel, but to a party to the action, and the Interrogatory does not seek production or specification of documents from which facts upon which defendant relied in asserting defenses were derived. The Interrogatories seek disclosure of relevant objective evidentiary facts, and work-product immunity does not extend to facts marshalled by an attorney from examination of documents, or otherwise. See, *United States v. Pepper's Steel & Alloys, Inc.,* 132 F.R.D. 695 (Fla.1990); *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling,* 120 F.R.D. 504 (La.1988); and generally, *Wright & Miller, Federal Practice and Procedure:* Civil § 2023.

■ Facts relevant to the case are not ordinary or opinion work-product of an attorney. The disclosure of relevant facts does not necessarily reveal the origin of the facts or how, why and by whom certain facts upon which defendants rely were selected. Cf., *United States v. Pepper's Steel & Alloys, Inc.,* supra. In this action for patent infringement, plaintiff is entitled to discover the factual basis for assertion of defenses and the Counterclaim. See, *Scovill Manufacturing Company v. Sunbeam Corporation,* 61 F.R.D. 598 (Del. 1973); also see, *United States v. Beatrice Foods Company,* supra at 19.

The objectives to these Interrogatories are overruled, and Riverwood is required to properly respond to Interrogatories No. 23, 24, 25, 26, 27, 28 and 29.

The seven Interrogatories addressed to Riverwood, and Riverwood's responses, are virtually duplicated by Interrogatories No. 20, 21, 22, 23, 24, 25 and 26 addressed to Federal, and its responses, and to Interrogatories No. 13, 14, 15, 16, 17, 18 and 19 addressed to Everson, and his responses. The rationale previously expressed applies equally to the seven Interrogatories addressed to Federal and Everson. Their objections are also overruled.

## IV.

Riverwood objects to Interrogatories No. 30, 31, 32, 33, 34, 35 and 36, contending that they are excessive and violate L.R. 33.1 which provides that:

"No party may serve more than a total of fifty (50) interrogatories upon any other party unless permitted to do so by the court upon motion, notice, and a showing of good cause. Such motions shall be in writing, setting forth the proposed additional interrogatories and the reasons establishing good cause for their use. In computing the total number of interrogatories, each subdivision of separate questions shall be counted as one interrogatory."

The parties' count of the number of Interrogatories served, when each subdivision is counted, differs, and this Court has not engaged in the arithmetic exercise. In all probability, the objections are well taken, but this does not conclude the matter. The Court has before it plaintiff's motion for an order granting leave to serve additional Interrogatories which would duplicate the Interrogatories to which this objection is interposed, and for an order granting leave to serve 15 additional Interrogatories of unspecified content.

The limitation imposed by L.R. 33.1 is not absolute. This Court is persuaded that plaintiff's motion is adequately supported by a showing of good cause to exceed the limitation. This, however, is not tantamount to a finding that service of each proposed Interrogatory, as phrased, is supported by a showing of good cause. Proposed Interrogatory No. 32 seeks disclosure of identity of all persons whom defendants intend to call as witnesses at trial. The disclosure of prospective witnesses is governed by L.R. 39.1(b)(1)(C). Plaintiff has not shown good cause to support variance from the established procedure in this case. Interrogatory No. 34 seeks detailed descriptions of each type machine manufactured or sold by Riverwood. These machines are not implicated in this litigation,

and facially the Interrogatory delves into irrelevant matters.

Little will be gained by compelling plaintiff to redraft and re-serve Interrogatories which the Court deems proper. Relief, therefore, will be tailored to the circumstances.

 The request for leave to file 15 additional Interrogatories of undisclosed content does not conform to the letter or intent of the substance of the Local Rule and is improper procedurally. Leave to serve additional Interrogatories of unspecified content will be denied.

## V.

The next facet of the motion to compel involves responses to Requests for Production of Documents, and, again, we will focus on Requests to and Responses by Riverwood.

First, we note that Requests No. 74 and 75 seek production of documents identified in Answers to Interrogatories or upon which defendant relied in answering Interrogatories. Defendants' response—that it did not identify or rely upon documents in responding to Interrogatories—was probably factual at the time made. The responses may not be accurate after defendants comply with provisions of this Order. These responses must be reviewed and, if necessary, revamped in the light of this Court's ruling on objections.

Requests No. 76, 78, 80, 82, 84, 86, 88, 90, 92 and 94 addressed to Riverwood seek disclosure of all documents upon which a defendant relied when it filed and served the Answer to the Amended Complaint to support the defenses raised and the Counterclaim interposed. Defendants contend that documents responsive to these Requests will reveal mental impressions, conclusions, opinions or legal theories of counsel and are protected from discovery by the work-product doctrine.[2]

 With the distinguishing features of *Sporck* and *Shelton* in mind, we

---

**2.** Defendants also raise the stock objections that the Requests are overbroad, vague and unduly burdensome. These objections are unsupported and are summarily overruled without further discussion.

must analyze work-product immunity in the production of documents context in the light of broad legal precepts and practical considerations. Discovery rules, and work-product immunity, have practical footing. Cf., *United States v. Nobles*, supra, 422 U.S. at 238, 95 S.Ct. at 2170. Not everything which may give inkling of a lawyer's mental impressions, conclusions, opinions or legal theories is protected as the lawyer's work-product. Almost every adversarial position adopted can, through deduction, give some indication of thought processes or strategy, e.g., drafting a pleading or phrasing an Interrogatory response; cf., *San Juan Dupont Plaza Hotel Litigation*, supra; *Sporck v. Peil*, supra at 319 (Seitz, J., dissenting). The Rules themselves contemplate forced disclosure of revelatory information in certain circumstances. See, e.g., *Rules 26(b)(4), 33(a), 33(b)*. One can easily see that an overly broad application of work-product immunity could easily eviscerate the discovery rules and their purpose. Mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation. Discovery procedures merely advance the stage at which disclosure is compelled from time of trial to the pre-trial period. *Hickman v. Taylor*, supra, 329 U.S. at 507, 67 S.Ct. at 391. When Rule 26 and the work-product immunity doctrine are maintained in proper context, this Court finds that the rationale employed by the Court in *In re San Juan Dupont Plaza Litigation*, supra, is logical and persuasive.[3] There the Court ordered parties participating in discovery depositions to identify all exhibits which they intended to use at a deposition at least five days in advance of deposing the witness. The Order was challenged by a quadripartite contention:

a. lawyers representing plaintiffs had sifted through millions of documents in order to locate and identify approximately 70,000 considered relevant;

b. the documents themselves are not work-product, but identification of the documents requires plaintiff's lawyers to reveal the mental processes, impressions and opinions involved in culling wheat from chaff;

c. these mental processes, impressions and opinions constitute "opinion" work-product entitled to absolute protection, and, therefore,

d. work-product immunity interdicts the challenged order.

The Court recognized that the Order was a case management order entered under authority of Rule 16, and phrased the narrow question presented as whether the work-product doctrine limits a court's case management powers, and, if so, to what extent. In resolving the issue, the Court reviewed the evolution of work-product immunity and the development of the distinction between ordinary work-product and opinion work-product. Ordinary work-product is discoverable upon a showing of substantial need and an inability to acquire the substantial equivalent of the information sought by other means without undue hardship. Opinion work-product is material which contains or reveals an attorney's mental impressions, legal strategy, intended lines of proof, evaluation of strengths and weaknesses of the case, inferences drawn from interviews of witnesses, or similar matters. Cf., *Upjohn v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1980); *Shelton v. American Motors Corp.*, supra at 1328; *United States v. Pepper's Steel & Alloys, Inc.*, supra. Opinion work-product is entitled to a greater degree of protection than ordinary work-product, see, *In re Murphy*, 560 F.2d 326 (8th Cir.1977), but the extent of this heightened protection remains undefined. See, *Upjohn v. United States*, supra, 449 U.S. at 401, 101 S.Ct. at 688.

In the *San Juan Hotel* case, the Court first determined that the pre-deposition disclosure of exhibits was ordinary work-product. It rested this finding, basically, on two conclusions, i.e.:

1. Whatever heightened protection opinion work-product is afforded is triggered only if disclosure creates a real, non-

---

**3.** The case directly involved a Rule 16 order, but the Court analyzed the work-product doctrine in a discovery context and the rationale is applicable here.

speculative danger of revealing the lawyer's mental processes; and

2. Material which reveals an attorney's thought processes is not entitled to opinion work-product protection unless the lawyer has justifiable expectation that the revealed mental impressions would remain private.

The Court reviewed the discovery rules, the history of work-product immunity, and the systemic interests which it protects. One discerns that key factor distinguishing ordinary work-product from opinion work-product is the expectation of privacy, and that a lawyer has no expectation of privacy in factual matters which, even in absence of forced disclosure, he will reveal at trial. There is merit to this approach as a broad guideline.

■■■ This case is not analogous to *Hickman v. Taylor*, which involved an attempt to obtain a lawyer's personal notes and memoranda; or to *Sporck*, which involved an attempt to obtain documents selected by counsel for the express purpose of preparing a witness to testify; or to *Shelton*, which involved an attempt to obtain documents selected by a lawyer, or their identification, directly from the lawyer. In those cases, opposing counsel sought disclosure of matters which were essentially internal and which the lawyer could reasonably expect would never see the light of day. Here, plaintiff is attempting to obtain non-privileged, factual evidentiary material which forms factual basis for asserting defenses which will be ultimately disclosed. Any insight into counsel's understanding of the case or of defenses is outweighed by contribution to the efficacious operation of the judicial system which expedited disclosure provides.

For the foregoing reasons, this Court concludes that the production requests do not implicate opinion work-product and that plaintiff has demonstrated ample cause for piercing ordinary work-product immunity, and Riverwood's objections to Requests

No. 76, 78, 80, 82, 84, 86, 88, 90, 92 and 94 are overruled.

The Requests addressed to Riverwood are partially duplicated by Requests No. 50, 52, 54, 56, 60, 62 and 64 addressed to Federal and Requests No. 30, 32, 34, 36, 40, 42, 44 and 46 addressed to Everson. The objections to these Requests raised by defendants are also overruled.

## VI.

■■■ Requests No. 77, 79, 81, 83, 85, 87, 89, 91, 93 and 95 addressed to Riverwood seek disclosure of documents and things upon which Riverwood intends to rely at trial to support defenses and Counterclaim. Defendants' objections to these Requests are also based upon the work-product doctrine.[4]

The legal theory upon which a claim or defense will be tried, and trial tactics and strategy clearly fall within a lawyer's domain, and the selection of documents to implement trial tactics and strategy is lawyer's function. During the course of preparation for trial legal theories, strategy and tactics may change, but, undoubtedly, the disclosure of documents which a lawyer intends, at a particular time, to introduce into evidence will unavoidably reveal the lawyer's legal theories, strategy, opinions and mental impressions at that time. The legal theories, opinions and mental impressions held at time of trial will be revealed at trial, but the preliminary development and preparation must be free from interference if the adversary system of justice is to be preserved. Cf., *Hickman v. Taylor*, supra 329 U.S. at 511, 67 S.Ct. at 393. The thrust of these Requests is not to discover evidentiary facts, but to discover counsel's evaluation and intent in regard to evidentiary facts. This is patently opinion work-product.

Rule 39.1, Local Rules, requires the parties to file and serve exhibit lists, among other preparatory material, at least 10 days before the first case on the judge's trial calendar is set for trial. This is an invasion

---

**4.** The stock objection that the Requests are overbroad and vague is summarily overruled for lack of support.

of a lawyer's work-product, in a sense, but is a permissible exercise of the Court's case management authority. This Court sees no good reason to deviate from the established policy.

Riverwood's objections to these Requests are sustained, Federal's objections to Requests No. 51, 53, 55, 57, 61, 63 and 65 are sustained, and Everson's objections to Requests No. 31, 33, 35, 37, 41, 43, 45 and 47 are sustained.

## VII.

Document Request No. 96 addressed to Riverwood seeks production of all opinions upon which defendant intends to rely in defense of the claim of patent infringement. To bring the Request within the purview of Rule 34, the Court assumes that the Request pertains to written or otherwise recorded opinions.

In response, defendant states that it has not determined whether or not it will rely upon opinions of counsel in defense of this claim, but that, if it decides to rely upon the opinion of counsel, it will produce such opinions. Restricting the response to opinions of counsel introduces an element of evasiveness, but the Court will accept the response with the understanding that the promised production will include opinions of all persons whom defendant intends to call as an expert witness at trial on the infringement issue.

## VIII.

Document Requests No. 97, 98, 99, 100, 101 and 102 seek production of diverse types of documents. No. 97 seeks production of all brochures, specifications, service manuals, and other written descriptions of each type of machine manufactured or sold by Riverwood for loading packages into open ended containers; No. 98 seeks production of documents depicting the operation of the accused devices which were transferred to Riverwood by Federal; No. 99 seeks production of documents relating or referring to conversion kits or modifications and changes to the accused devices which were transferred to Riverwood by Federal; No. 100 seeks production of docu-

ments relating to the patent in issue which were transferred to Riverwood by Federal; No. 101 seeks production of all documents and things which were transferred to Riverwood by Federal; and No. 102 seeks production of all documents relating to the sale by Federal to Riverwood.

Riverwood objects to those Requests on grounds that they are overbroad, vague, unduly burdensome and seek irrelevant documents; and, additionally, to 97 on grounds that relevant documents have already been produced; to 98 and 99 on grounds that Minnesota Automation has produced the documents; and to No. 100 on grounds that all non-privileged responsive documents have already been produced.

 Relevancy, in the discovery context, is extremely broad. Anything which appears reasonably calculated to lead to discovery of admissible evidence is relevant. *Rule 26, Federal Rules of Civil Procedure.* In determining relevancy, a court must consider a discovery request relevant unless it is clear that the information sought has no bearing upon the subject matter of the action. See, *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325 (Kan.1991). This action involves multiple defendants and the sale of one alleged infringer to another during course of the litigation. The field in which one could reasonably expect to find admissible evidence pertaining to liability of one or more of the defendants and to damages is wide, and a contention that the requested documents have been obtained from another source will not relieve a party from the obligation to properly respond to a proper Request. Without prolonged discussion, this Court concludes as follows:

The objection to Request No. 97 will be sustained.

 Riverwood is engaged in the manufacture of many different types of packaging machines, but did not manufacture the accused devices. This Court fails to discern any reasonable expectation that the requested documents pertaining to other machines would lead to admissible evidence

on the claim of patent infringement of unrelated machines.

The objections to Requests No. 98, 99 and 100 will be overruled.

The documents requested pertain directly to operating features of the accused devices and the patent in suit, and are relevant. The Requests are relatively narrow in scope and retrieving the documents will not pose on undue burden.

The objections to Requests No. 101 and 102 will be sustained.

■ These Requests seek production of all documents and things relating or referring to the sale to Riverwood by Federal and all documents and things which were transferred in conjunction with that sale. One can safely assume that there are thousands of such things as internal memos, letters, and other things which referred to the sale and an equal number of material purchase records, inventory records, customer lists and such things transferred. Most of this material would have no bearing on this lawsuit. The Requests sweep with a much too broad broom, and encompass irrelevant documents.

WHEREFORE, It is—

ORDERED:

1. That within 30 days of date hereof, Riverwood Natural Resources Corporation shall serve proper Answers to plaintiff's Interrogatories No. 23, 24, 25, 26, 27, 28 and 29.

2. That within 30 days of date hereof, Federal Paper Board, Co., Inc. shall serve proper Answers to plaintiff's Interrogatories No. 20, 21, 22, 23, 24, 25 and 26.

3. That within 30 days of date hereof, William G. Everson shall serve proper Answers to plaintiff's Interrogatories No. 13, 14, 15, 16, 17, 18 and 19.

4. That plaintiff shall be, and hereby is, granted retroactive leave to serve Interrogatories upon Riverwood in excess of 50 in number. That the additional Interrogatories shall be Interrogatories 30, 31, 33, 35 and 36 previously served on Riverwood.

5. That defendant shall properly respond to said additional Interrogatories within 30 days of date hereof.

6. That within 30 days of date hereof, Riverwood shall serve proper responses to plaintiff's Requests for Production No. 76, 78, 80, 82, 84, 86, 88, 90, 92 and 94.

7. That within 30 days of date hereof Federal shall serve proper responses to plaintiff's Requests for Production No. 50, 52, 54, 56, 60, 62 and 64.

8. That within 30 days of date hereof Everson shall serve proper responses to plaintiff's Requests for Production No. 30, 32, 34, 36, 40, 42, 44 and 46.

9. That within 30 days of date hereof Riverwood shall serve proper responses to plaintiff's Requests for Production No. 98, 99 and 100.

10. That within the extended discovery period, and no later than January 1, 1993, each party shall disclose the identity of all persons whom they expect to call as expert witnesses at trial to all other parties, together with a statement containing all information required in response to an Interrogatory served under provisions of Rule 26(b)(4)(A)(i).

11. That if there is inconsistency between provisions of the Modified Case Management Order and provisions of this Order, the provisions of this Order shall prevail.