**DUNKIN' DONUTS INCORPORATED, et al., Plaintiffs,**

v.

**MARY'S DONUTS, INC., et al., Defendants.**

No. 01–392–CIV.

United States District Court, S.D. Florida.

April 18, 2002.

William Earl Davis, Lawrence Brett Lambert, Ralf R. Rodriguez, Buchanan Ingersoll, P.C., Miami, FL, Robert L. Zisk, Eric L. Yaffe, David L. Smith, Schmeltzer, Aptaker & Shepard, P.C., Washington, D.C., Robert A. Murphy, Casner & Edwards, Boston, MA, for Plaintiffs.

Roberto Zarco, Robert Francis Salkowski, Himanshu M. Patel, Zarco & Pardo, Miami, FL, for Defendants.

### ORDER ON PENDING DISCOVERY MOTIONS

SIMONTON, United States Magistrate Judge.

Presently pending before the Court are the Motion by Non–Parties Armando Gutierrez and Liliana Gutierrez To Quash Subpoena Duces Tecum, Request For Protective Order, and Request For Attorneys' Fees (DE # 109, filed 4/2/02); Defendants' Motion To Compel Attendance Of Plaintiffs' 30(B)(6) Corporate Representative For Deposition To Answer Questions Regarding Certain Matters and Request for Attorneys' Fees and Costs (DE # 111, filed 4/4/02); Plaintiffs' Emergency Motion To Compel Attendance At Deposition, Or In The Alternative, For An Enlargement Of The Presumptive Seven–Hour Limit On Length Of Depositions (DE # 113, filed 4/8/02); and Plaintiffs' Request for Expedited Telephonic Hearing (DE # 115, filed 4/9/02). All discovery motions in this case are referred to the undersigned Magistrate Judge for resolution (DE # 20). A hearing on the above motions was held on April 15, 2002, and all oral rulings made at the hearing are incorporated in this Order.

I. *The Gutierrezes' Motion For Protective Order Is Denied*

Armando Gutierrez (hereafter Armando) and Liliana Gutierrez (hereafter Liliana), non-parties to this action, move to quash subpoenas duces tecum served upon them, request a protective order concerning the questions that can be asked them at their depositions, and also request an award of the attorneys' fees associated with making this motion.

Armando is the brother of Defendant Juan Gutierrez, and Liliana is the daughter of Juan Gutierrez. At his deposition, Defendant Juan Gutierrez testified the "additional cash" in the Mary's Donuts business did not come from unreported sales, but from emergency loans, amounting to many thousands of

dollars, which he and the business had received from relatives, including Armando and Liliana. There is no documentation concerning these loans, which were made in cash.

Armando and Liliana state that information about their finances is not relevant to any issues in the case. They ask that the subpoena duces tecum be quashed insofar as it asks for information about their financial condition and net worth, and that Plaintiffs not be permitted to question them about their financial condition at their depositions.

For the reasons stated on the record at the hearing, and summarized below, the motion is denied. At his deposition, Defendant Juan Gutierrez placed in issue the ability of Armando and Liliana to make the loans in question. This issue is relevant to Plaintiffs' attempt to prove that Defendants underreported the sales of Mary's Donuts. The amended document request has limited the original document request to documents relating to the loans and to the source of the money for the loans. The Court notes that any documents produced by Armando and Liliana pursuant to the subpoena could be placed under the confidentiality order in this case.

At the hearing, the parties also raised an issue pertaining to the scheduling of the deposition of Armando Gutierrez. Pursuant to the agreement of the parties, the deposition of Armando Gutierrez shall occur on or before May 10, 2002.

II. *Defendants' Motion To Compel Plaintiffs' 30(b)(6) Representative To Answer Certain Questions*

A. *Plaintiffs Must Provide Defendants With The Factual Basis For Plaintiffs' Allegation That Defendants Underreported Sales*

■ Defendants move to compel Plaintiffs to provide for deposition a corporate representative with knowledge of all of the facts that support Plaintiffs' claim of underreporting. Plaintiffs object to providing a corporate representative to testify as to the facts supporting their theory that Defendants underreported sales, contending that this information is attorney work product which is absolutely privileged and does not have to be produced to Defendants. The undersigned

Magistrate Judge finds that Plaintiffs must provide Defendants with the facts supporting Plaintiffs' contention that Defendants underreported their sales. *See United States v. Pepper's Steel & Alloys, Inc.,* 132 F.R.D. 695, 698–99 (S.D.Fla.1990).

One of the areas listed in Defendants' notice of deposition pursuant to Rule 30(b)(6) was all allegations raised in paragraph 30 of the Third Amended Complaint, in which Plaintiffs alleged that Defendants underreported their gross sales to Plaintiffs. At the deposition of one of Plaintiffs' 30(b)(6) representatives, Mr. Reno, Plaintiffs' counsel stated that Plaintiffs could not and would not produce a designee on the issue of underreporting because that evidence was produced in discovery, the theory of underreporting was known only to Plaintiffs' counsel, and the facts supporting Plaintiffs' claim of underreporting were privileged from discovery as attorney work product.

Plaintiffs cannot refuse to provide the facts underlying their underreporting claim. Fact discovery in this case ends in two weeks, and the trial is set for September 2002. *See In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007, 1016 (1st Cir.1988) (an assertion of work product does not protect against a request for information which reveals a party's legal theory because the discovery rules regularly allow litigants to gain this information which will appear at trial, if not before).

Moreover, in *Pepper's Steel,* the District Court held that a corporate representative had to provide at deposition the factual basis for claims and defenses asserted by his corporation, which was a party to the litigation. The District Court specifically held that the party could not shield itself from discovery by objecting on the ground of work product to all questions which would require the deponent to testify to facts learned by reviewing documents selected by his counsel, as the work product privilege is not broad enough to prohibit all inquiry regarding information received from working with counsel, all information obtained after a lawsuit is begun, all information learned while working with counsel or with other colleagues, and all information learned while reviewing documents or

having conversations connected with the lawsuit. 132 F.R.D. at 699. *See also McCarthy v. Paine Webber Group, Inc.,* 168 F.R.D. 448, 449–50 (D.Conn.1996) (re: propriety of contention interrogatories seeking information of the type sought here); *In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328, 333–34 (N.D.Cal.1985) (same).

*S.E.C. v. Rosenfeld,* No. 97 CIV. 1467(RPP), 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997), on which Plaintiffs rely, is distinguishable from the instant case. In *Rosenfeld,* the Court quashed a Rule 30(b)(6) deposition subpoena on the SEC and granted a protective order against deposition because Rosenfeld noticed a deposition which would have necessarily involved attorney work product involving the manner in which the government attorneys undertook the investigation, including their legal and factual theories regarding the alleged violations of security laws and their opinions as to the significance of documents and credibility of witnesses. Here, Defendants seek only the facts supporting Plaintiffs' claim of underreporting, which is not privileged from discovery as work product.

At the hearing, Plaintiffs' counsel argued that it would be difficult to adequately prepare a corporate representative to testify without advance guidance as to the specific inquiries Defendants intend to make, and which the Court would permit. Based upon the representations of Plaintiffs' counsel at the hearing regarding the source and nature of the facts which form the basis for its allegations of underreporting, it appears to the undersigned Magistrate Judge that the most efficient way to proceed is through the use of contention interrogatories. This method will permit Plaintiffs the opportunity to gather the responsive facts. A follow-up deposition of the corporate representative will be permitted, if necessary, to clarify the answers. Therefore, on or before April 25, 2002, Defendants may propound by facsimile contention interrogatories concerning the factual basis for the allegations of underreporting contained within paragraph 30 of the Complaint. Plaintiffs shall respond within 7 business days after receipt of the facsimile. If necessary, Defendants may take a follow-up deposition of a corporate representative on or before May 13, 2002. Plaintiffs will not be required to divulge the manner in which Plaintiffs intend to prove underreporting at trial; Plaintiffs' legal strategy; Plaintiffs' intended lines of proof; the strengths and weaknesses of Plaintiffs' underreporting case; or any inferences which Plaintiffs' counsel has drawn from interviewing witnesses. Obviously, Plaintiffs will not required to repeat either the legal opinions of counsel or any privileged communications with counsel.

### B. *Plaintiffs Must State Why Mr. Szvetitz Left Plaintiffs' Employ*

Defendants move to compel Plaintiffs' 30(b)(6) representative to state why Joe Szvetitz left his employment with Plaintiffs in August 2001. Plaintiffs' counsel instructed Plaintiffs' corporate representative not to answer the question, relying on a confidentiality agreement between Plaintiffs and Szvetitz that precluded Plaintiffs from discussing why Szevtitz left the company.

Plaintiffs must provide to Defendants the reason that Szvetitz left the company. While Plaintiffs represented at the hearing that Szevtitz would not be their witness at trial on their case-in-chief, this is not sufficient to defeat Defendants' motion. The reason Szevtitz left Plaintiffs' employment is relevant to Defendants' counterclaim that Plaintiffs acted in bad faith in terminating the franchise agreements. Szevtitz was employed in Plaintiffs' Loss Prevention Department. He supervised Plaintiffs' investigation of Defendants. The confidential nature of Szvetitz's reason for leaving Plaintiffs' employ can be protected by the confidentiality order in this case. Plaintiffs need not recall their corporate representative to answer this one question but may answer this as if it were a question in a deposition upon written questions. This ruling has no bearing as to whether Szvetitz's reason for leaving Plaintiffs' employ will be admissible at trial.

### C. *Defendants' Motion To Compel Plaintiffs' 30(b)(6) Representative To State What Instructions Were Given To ACE Investigations Is Denied*

Defendants move to compel Plaintiffs' 30(b)(6) representative to state what instruc-

tions Plaintiffs' Loss Prevention Department gave ACE Investigation Services regarding the investigation of Defendants' stores. At the hearing, Plaintiffs represented that they did not intend to call their investigators as witnesses in their case-in-chief and did not intend to introduce any evidence of the investigation in their case-in chief except for evidence of the existence of Defendants' shop at Southern Command. Based upon Plaintiffs' representation, Defendants withdrew their request that Plaintiffs' 30(b)(6) representative be compelled to state what instructions were given by Plaintiffs' Loss Prevention Department to ACE Investigative Services regarding the investigation of Defendants.

**D.** *Defendants' Request For Attorneys' Fees and Costs Is Denied*

Defendants' request for the reasonable attorneys' fees and costs connected to bringing this motion, made pursuant to Fed.R.Civ.P. 37(d), is denied. Plaintiffs' position was not substantially unjustified.[1]

**III.** *Plaintiffs May Take A Two–Day Deposition of Jack Miller*

Plaintiffs move to be allowed either to depose Defendants' accountant, Jack Miller, individually for seven hours, and to depose Miller for an additional seven hours as the corporate representative of Jack Miller, CPA, P.A., or to depose Miller as a corporate representative for two separate seven-hour days. At the hearing, Defendants withdrew their objection that Plaintiffs had failed to properly notice the depositions.

For the reasons stated on the record at the hearing, this Court grants Plaintiffs' motion to extend the deposition of Miller as corporate representative to fourteen hours over

two days due to the complexity of the deposition. In this deposition, Plaintiffs are seeking information regarding Defendants' finances for the past seven years, and also intend to refer to the approximately 10,000 pages of documents which have been produced to Plaintiffs. Moreover, Plaintiffs were unable to elicit significant financial information during the deposition of Defendant Gutierrez, which, had they been able to do so, would have reduced the need for a lengthy deposition of Miller. Therefore, pursuant to Fed.R.Civ.P. 30(d)(2), and to ensure a fair deposition of Miller, Plaintiffs may depose Miller, as the corporate representative of Jack Miller, CPA, P.A., for fourteen hours over two days.[2]

Therefore, it is hereby

**ORDERED AND ADJUDGED** that the Motion by Non–Parties Armando Gutierrez and Liliana Gutierrez To Quash Subpoena Duces Tecum, Request For Protective Order, and Request For Attorneys' Fees (DE # 109, filed 4/2/02), is **DENIED.** It is further

**ORDERED** that the deposition of Armando Gutierrez shall occur on or before May 10, 2002. It is further

**ORDERED AND ADJUDGED** that Defendants' Motion To Compel Attendance Of Plaintiffs' 30(B)(6) Corporate Representative For Deposition To Answer Questions Regarding Certain Matters and Request for Attorneys' Fees and Costs (DE # 111, filed 4/4/02), is GRANTED in part as stated in the body of the Order. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Emergency Motion To Compel Attend-

1. At the conclusion of the hearing on this motion, Defendants were asked if these three matters were the only ones in dispute. Although a review of the motion after the hearing reveals that the motion included a claim that Plaintiffs should be compelled to designate a corporate representative to testify as to the amount of damages claimed by Plaintiffs, Defendants did not raise this at the hearing, and therefore this Court will deem Defendants' request moot. However, it is important to note that Rule 26(a)(1)(C) requires parties to disclose information concerning damages, and Rule 26(e) requires parties to supplement such disclosures. If there is a remaining dispute concerning damages, the parties are di-

rected to confer, taking into account the above provisions, and a motion to compel may be filed if they are unable to reach a resolution.

2. Since it is not necessary for this Court to rule on the issue of whether Plaintiffs could depose Miller individually for seven hours and Miller as the corporate representative of his accounting firm for an additional seven hours, this Court does not address Defendants' objection that allowing Plaintiffs to depose Miller individually would improperly allow Plaintiffs to utilize Miller as an unretained expert witness in violation of Fed.R.Civ.P. 45(c)(3)(B)(ii).

ance At Deposition, Or In The Alternative, For An Enlargement Of The Presumptive Seven–Hour Limit On Length Of Depositions (DE # 113, filed 4/8/02), is **GRANTED,** as stated in the body of the Order. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Request for Expedited Telephonic Hearing (DE # 115, filed 4/9/02), is **GRANTED,** nunc pro tunc.