744 F.2d 1464
 36 Fair Empl.Prac.Cas. 113,
35 Empl. Prac. Dec. P 34,743, 40 Fed.R.Serv.2d 357
 Charles A. CASTLE, Plaintiff-Appellant,
v.
SANGAMO WESTON, INC., Defendant-Appellee.
Chris PAPASTRAT, et al., Plaintiffs-Appellants,
v.
SANGAMO WESTON, INC., Defendant-Appellee.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
and
Charles A. Castle and Chris Papastrat, et al., Appellants,
v.
SANGAMO WESTON, INC., Data Systems Division, Defendants-Appellees.
 Nos. 83-3236, 83-3524.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 26, 1984.
 
 George Barford, Mark E. Grantham, Tampa, Fla., for plaintiffs-appellants.
 Justine S. Lisser, E.E.O.C., Washington, D.C., for amicus curiae E.E.O.C.
 Warren M. Goodrich, Bradenton, Fla., Eugene T. D'Ablemont, Kelley, Drye & Warren, Ned H. Bassen, New York City, for defendants-appellees.
 Appeals from the United States District Court for the Middle District of Florida.
 Before FAY and JOHNSON, Circuit Judges, and YOUNG*, District Judge.
 PER CURIAM:
 
 
 1
 Appellants in these cases raise two matters on appeal. The first issue relates to the statutory construction of Section 7(c)(1) of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 626(c)(1). This circuit has recently held that a pending, private ADEA action is not terminated or preempted by the EEOC's subsequent filing of its own enforcement action. E.E.O.C. v. Eastern Airlines, Inc., 736 F.2d 635 (11th Cir.1984). Accordingly, the dismissal of the private actions in the instant case is reversed, and the matter is remanded to the district court for reinstatement.[1]
 
 
 2
 Appellants also appeal the order of the district court directing the EEOC to produce for appellee certain discovery materials. Appellee contends that the district court's order was not a final decision within the meaning of 28 U.S.C. Sec. 1291, and was thus not appealable by appellants. We hold that this court has jurisdiction to decide this question on appeal pursuant to In re International Horizons, Inc., 689 F.2d 996 (11th Cir.1982), and that the district court abused its discretion in ordering the EEOC to turn over the discovery materials.
 
 
 3
 Ordinarily, discovery orders without a concomitant contempt holding are not appealable. See Branch v. Phillips Petroleum Co., 638 F.2d 873, 878 (5th Cir.1981). However, this case falls under the exception announced by this court in International Horizons, 689 F.2d at 1001. International Horizons held that an appeal may be properly before the appellate court if "it claims a privilege of non-disclosure relating to materials that another party has been directed to produce." Id. (emphasis in original).
 
 
 4
 In the instant case, the attorneys for the private plaintiffs are claiming the privilege as to materials no longer in their custody, which the EEOC had been directed to produce. During this litigation, the private plaintiffs' suit and the EEOC action were consolidated into a single action. (R. Vol. 1 at 22). Subsequent to that consolidation and, more importantly, prior to the dismissal of the private parties' suits,[2] the attorneys for the private plaintiffs turned over to the EEOC certain witness statements and notes from interviews with witnesses. Those discovery materials were prepared by the attorneys for the private plaintiffs in anticipation of their own litigation. (R. Vol. 1 at 110). After the attorneys for the private plaintiffs gave the materials to counsel for the EEOC, the private party suits were severed and dismissed. At the time these materials were ordered produced, the attorneys who had produced the work product were not technically "of record." When this appeal was brought, these attorneys were in the position of being outside third parties claiming a privilege over material ordered produced by another party (the EEOC). This situation is squarely covered by the rule of International Horizons.
 
 
 5
 Having disposed of the jurisdictional issue, we now turn to the question of whether the trial court properly ordered the production of the discovery materials to Sangamo Weston. At the outset it should be noted that there is no question that these materials constitute the work product of the attorneys for the private plaintiffs. These materials consisted of witness statements and notes of interviews with witnesses, (R. Vol. 1 at 110), which the attorneys for the private plaintiffs had turned over to counsel for the EEOC prior to the dismissal of the private actions. See supra note 2. The problem arose because appellee contended it was entitled to those materials once the private suits had been dismissed.
 
 
 6
 Although we accept the status of the parties as they were at the time of the notice of appeal in determining jurisdiction, we must now recognize the effect of the reinstatement of the private actions. The material in question is now clearly the "work product" of attorneys "of record." The standard of review in the instant case is whether or not the district court abused its discretion. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729 (11th Cir.1984). Under the peculiar facts of this case, we find such an abuse. Although we reverse the trial court's order compelling production of these materials, we can easily understand why that court's patience was exhausted with the obdurate refusals of the attorneys on both sides to proceed with discovery in an orderly fashion.[3]
 
 
 7
 Two arguments were advanced to the district court in support of appellee's motion to compel production of the discovery materials. First, appellee argued that the work product privilege was waived when the appellants turned over the materials to the EEOC. We summarily reject this waiver argument,[4] noting that the transfer was made at the time that the private plaintiffs' attorneys and counsel for the EEOC were engaged in the preparation of a joint trial.[5] See F.T.C. v. Grolier Inc., 462 U.S. 19, 103 S.Ct. 2209, 2214 & nn. 8-9, 76 L.Ed.2d 387 (1983). Cf. Railroad Salvage v. Japan Freight Consolidators, 97 F.R.D. 37, 39 (E.D.N.Y.1983) (documents prepared by party's in-house counsel in anticipation of litigation retain their status as work product when delivered to party's trial counsel).
 
 
 8
 Second, appellee argued that its motion to compel was justified on the ground of necessity. Rule 26(b)(3) governs the disclosure of work product and places a twofold burden on the party seeking discovery. The appellee must show both substantial need and undue hardship. In re International Systems & Controls Corp., 693 F.2d 1235, 1240-41 (5th Cir.1982). See also F.T.C. v. Grolier Inc., 103 S.Ct. at 2214. Neither showing is reflected in the record. In particular, we note that appellee had failed to take even the fundamental first step in discovery of requesting the names and addresses of the witnesses the appellants had already interviewed. The law is clear that such information is subject to discovery. Without making this basic request, appellee's complaint that the EEOC refused to index, catalogue and identify all relevant documents is untenable. Cf. Perry v. State Farm Fire & Casualty Co., 734 F.2d 1441, 1447 (11th Cir.1984) (no real need shown requiring disclosure because litigant could have obtained information by using normal discovery procedures).
 
 
 9
 Appellee's claim apparently rests on the alleged undue hardship of procuring the information it seeks in any other manner. There has been no showing, however, that appellee could not obtain that information by deposing the very same witnesses. See International Systems, 693 F.2d at 1240 ("[D]iscovery of work product will be denied if a party can obtain the information he seeks by deposition."). To date, appellee has failed to even request their names. Although expense is a factor in determining undue hardship, id. at 1241, appellee has presented no argument in this regard as to the individuals involved. Indeed, the witnesses themselves may be glad to provide copies of their statements rather than appear for formal depositions. Appellee has simply failed to use the basic tools of discovery in proper fashion and finds it easier to request the EEOC file. Such a wholesale request is not proper as to the work product involved here.
 
 
 10
 In case number 83-3236, the private actions are ordered REINSTATED. In case number 83-3524, the order of production is REVERSED.
 
 
 
 *
 Honorable George C. Young, U.S. District Judge for the Middle District of Florida, sitting by designation
 
 
 [1]
 The trial court will undoubtedly want to reconsider, in light of the reinstatement of the private plaintiffs, its decision to sever the plaintiffs
 
 
 [2]
 The private plaintiffs' actions were dismissed on March 8, 1983. The discovery materials were transferred to the EEOC on December 17, 1982. (R. Vol. 1 at 111)
 
 
 [3]
 In the words of the exasperated trial judge: "Discovery has been tortuous with allegations of bad faith being cast by all parties." (R. Vol. 2 at 402). Attorneys do not assist the court or meet their obligations as officers of the court by engaging in this type of pre-trial game-playing
 
 
 [4]
 See F.T.C. v. Grolier, 462 U.S. 19, 103 S.Ct. 2209, 2215-17, 76 L.Ed.2d 387 (1983) (Brennan, J., concurring in part and concurring in the judgment)
 
 
 [5]
 At oral argument, counsel for appellants stated that copies of the discovery materials were turned over to counsel for the EEOC in December of 1982 "with the express understanding that they were work product."