[No. C023308. Third Dist. June 19, 1996.]

NACHT & LEWIS ARCHITECTS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
LINDA McCORMICK, Real Party in Interest.

## COUNSEL

Cook, Brown, Rediger & Prager, Robert L. Rediger and Terry A. Wigen for Petitioners.

No appearance for Respondent.

Weintraub, Genshlea & Sproul, Kevin R. Iams and David W. Tyra for Real Party in Interest.

## OPINION

PUGLIA, P. J.—Real party in interest (plaintiff) filed a civil complaint against petitioners (defendants) regarding her former employment with defendant Nacht & Lewis Architects, Inc. In response to Judicial Council approved form interrogatory No. 12.1, defendants provided the names of seven persons who witnessed, or who defendants claimed had knowledge of, the "incident," defined as "the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding." However, defendants objected to and refused to answer interrogatories requesting the identity of and information regarding individuals interviewed concerning the incident (form interrogatory No. 12.2) and individuals from whom written or recorded statements were obtained concerning the incident (form interrogatory No. 12.3). Defendants' responses to interrogatories Nos. 12.2 and 12.3 were identical: "Counsel for

the Defendants has conducted interviews of employees of Nacht & Lewis Architects. The information collected from the interviews is protected by the attorney-client privilege and work product doctrine."

By order dated March 7, 1996, the respondent court granted plaintiff's motion to compel further responses to interrogatories Nos. 12.2 and 12.3. ■ Defendants contend the court's order violates the qualified work product privilege. We agree the respondent court erred in compelling further response to interrogatory No. 12.2. Compelled production of a list of potential witnesses interviewed by opposing counsel would necessarily reflect counsel's evaluation of the case by revealing which witnesses or persons who claimed knowledge of the incident (already identified by defendants' response to interrogatory No. 12.1) counsel deemed important enough to interview. (Cf. *City of Long Beach* v. *Superior Court* (1976) 64 Cal.App.3d 65, 73 [134 Cal.Rptr. 468] [compelled production of list of witnesses to be called at trial impermissibly reveals counsel's evaluation of the strengths and weaknesses of his case].)[1]

■ The issue is more subtle as to interrogatory No. 12.3. In their response to that interrogatory defendants did not state that their attorney took notes or otherwise recorded his interviews with employees of Nacht & Lewis, but that their attorney collected information from the interviews. Though imprecise, the language is susceptible to the interpretation that defendants' counsel collected from the employees statements the employees had previously written or recorded themselves.

The distinction is significant. A list of the potential witnesses interviewed by defendants' counsel which interviews counsel recorded in notes or otherwise would constitute qualified work product because it would tend to reveal counsel's evaluation of the case by identifying the persons who claimed knowledge of the incident from whom counsel deemed it important to obtain statements. Moreover, any such notes or recorded statements taken by defendants' counsel would be protected by the absolute work product privilege because they would reveal counsel's "impressions, conclusions, opinions, or legal research or theories" within the meaning of Code of Civil Procedure section 2018, subdivision (c). (*People* v. *Boehm* (1969) 270 Cal.App.2d 13, 21-22 [75 Cal.Rptr. 590].)

On the other hand, a list of potential witnesses who turned over to counsel their independently prepared statements would have no tendency to reveal

---

[1]Although the precise issue of interrogatory responses revealing the identities of persons interviewed by opposing counsel has not been addressed in a published opinion in this state, federal decisions have uniformly reached the conclusion that we reach here. (See, e.g., *Laxalt* v. *McClatchy* (D.Nev. 1987) 116 F.R.D. 438, 443; *Com. of Mass.* v. *First Nat. Supermarkets, Inc.* (D.Mass. 1986) 112 F.R.D. 149, 152-154; *Board of Educ. of Evanston Tp.* v. *Admiral Heating* (N.D.Ill. 1984) 104 F.R.D. 23, 32.)

counsel's evaluation of the case. Such a list would therefore not constitute qualified work product. Moreover, unlike interview notes prepared by counsel, statements written or recorded independently by witnesses neither reflect an attorney's evaluation of the case nor constitute derivative material, and therefore are neither absolute nor qualified work product. (See, e.g., *Rodriguez* v. *McDonnell Douglas Corp.* (1978) 87 Cal.App.3d 626, 647-648 [151 Cal.Rptr. 399]; *Kadelbach* v. *Amaral* (1973) 31 Cal.App.3d 814, 822-823 [107 Cal.Rptr. 720]; *People* v. *Boehm*, *supra*, 270 Cal.App.2d at p. 21.) The respondent court should compel further response to interrogatory No. 12.3 only to the extent the court determines defendants' counsel obtained an independently written or recorded statement from one or more of the employees interviewed by counsel.[2]

Finally, we decline to consider whether the respondent court erred in denying defendants' motion to compel further responses to interrogatories. Defendants fail to demonstrate harm sufficient to warrant pretrial review, i.e., no privilege has been threatened, and defendants have not been denied discovery in that they may serve plaintiff with special interrogatories to obtain the information they seek. (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739]; *Wagner* v. *Superior Court* (1993) 12 Cal.App.4th 1314, 1317 [16 Cal.Rptr.2d 534].)

We have previously notified the parties we were considering issuing a peremptory writ of mandate in the first instance, stayed the order compelling defendants' further responses to interrogatories Nos. 12.2 and 12.3, and provided plaintiff with the opportunity to file opposition to the petition.[3] Having complied with the procedural requirements delineated in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are authorized to issue a peremptory writ of mandate in the first instance.

---

[2]Defendants cannot shield independently prepared witness statements by having their employees turn such statements over to defendants' attorney during his interviews with the employees. As we suggested in *Kadelbach* v. *Amaral*, *supra*, 31 Cal.App.3d at page 822, a witness statement is not brought within the work product privilege by transmitting the statement to the attorney. (See also *Smith* v. *Superior Court* (1961) 189 Cal.App.2d 6, 12 [11 Cal.Rptr. 165, 88 A.L.R.2d 650] ["Even if the names and addresses of the witnesses were known only to the attorneys, they would have to be disclosed on a proper interrogatory addressed to the party."]; *Aerojet-General Corp.* v. *Transport Indemnity Insurance* (1993) 18 Cal.App.4th 996, 1004 [22 Cal.Rptr.2d 862] [attorney-client privilege cannot be used to shield facts underlying communications that are otherwise subject to discovery, such as the identity of potential witnesses].)

[3]Plaintiff's opposition erroneously asserts that a compelled response to interrogatory No. 12.2 is her sole avenue to learn the identities of all "percipient witnesses." To the contrary, defendants have provided plaintiff with the identities of all "percipient witnesses" by responding to interrogatory No. 12.1.

Let a peremptory writ of mandate issue directing the respondent superior court to vacate that portion of its order filed March 7, 1996, granting plaintiff's motion to compel further responses to interrogatories Nos. 12.2 and 12.3, to enter a new order denying plaintiff's motion to compel further response to interrogatory No. 12.2, and to take further action consistent with this opinion regarding interrogatory No. 12.3. Upon this decision becoming final, the stay previously issued is vacated.

Sims, J., and Scotland, J., concurred.