**In re ASHWORTH, INC. SECURITIES LITIGATION.**

**No. CIV.99cv0121 L(JAH).**

United States District Court,
S.D. California.

Aug. 6, 2002.

William S. Lerach, Arthur Charles Leahy, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, Todd S. Collins, Berger & Montague, Philadelphia, PA, for plaintiffs.

Thomas S. Jones, Elizabeth Warke Brem, Gibson, Dunn & Crutcher, Irvine, CA, for defendants.

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES [DOC. # 117]**

HOUSTON, United States Magistrate Judge.

### INTRODUCTION

The matter is now before this Court on defendant Ashworth, Inc.'s motion to compel

further responses by plaintiffs to special interrogatories. Plaintiffs have filed an opposition to the motion and defendant has filed a reply brief. With leave of Court, defendant also filed a supplemental reply brief in response to plaintiffs' late submittal of an unpublished slip opinion in support of their opposition. After a thorough review of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court DENIES defendant's motion to compel.

## BACKGROUND

On February 8, 2002, defendant served upon plaintiffs their First Set of Special Interrogatories seeking, *inter alia*, the names of current or former employees and sales representatives of defendant Ashworth who provided information regarding the allegations contained in the Second Amended Complaint. In their initial disclosures pursuant to Fed.R.Civ.P. 26(a), which were exchanged on March 1, 2002, prior to plaintiffs' response to the special interrogatories, plaintiffs identified approximately 75 current or former employees of Ashworth that were "likely to have discoverable information that plaintiffs may use to support their claims." Zavala Decl., Exh. C at 1. Plaintiffs also noted, next to each of the names, the "subject of information" of which the individuals may have knowledge. *Id.*

Plaintiffs subsequently served their responses to defendant's special interrogatories. In their responses, plaintiffs objected to the interrogatories on work product grounds and referenced their initial disclosures in response to Nos. 1 through 3. *See* Zavala Decl., Exh. D. Plaintiffs also responded by listing approximately 40 additional names of sales representatives plaintiffs deem knowledgeable of the issues presented in their Second Amended Complaint. *See id.*

Defendant contends that plaintiffs' responses to defendant's Special Interrogatory Nos. 1 through 3 [1] are insufficient. The parties met and conferred in an effort to resolve the dispute informally, with no success. Thereafter, on May 30, 2002, defendant filed the instant motion to compel. Plaintiffs filed their opposition to the motion on June 13, 2002. On June 20, 2002, defendant filed their reply brief. With leave of Court, plaintiffs filed a notice of recent authority in support of their opposition. Subsequently, this Court granted defendant's unopposed request to file a supplemental reply brief addressing the recent authority notice. On June 27, 2002, this Court took the motion under submission without oral argument, pursuant to Local Rule 7.1(d.1).

## DISCUSSION

Defendant moves to compel further responses by plaintiffs to Special Interrogatory Nos. 1 through 3. Plaintiffs oppose the motion on the grounds that: (1) the information sought by defendant is protected under the work product doctrine; and (2) the identities of whistle-blowers should be protected from disclosure.[2]

### 1. Attorney Work Product Protection

■ Plaintiffs object to disclosure of the information sought by defendant in Special Interrogatory Nos. 1 through 3 based on the protections afforded under the attorney work product doctrine. Federal Rule of Civil Pro-

---

1. Interrogatory No. 1 states, in pertinent part: "Identify each former or current employee of Ashworth ... who has provided information which forms the basis for any allegations of the Second Amended Complaint ('SAC') and identify the specific paragraphs of the SAC which contain information about which that individual has personal knowledge." Zavala Decl., Exh. B at 2. Interrogatory No. 2 states: "To the extent any current or former employee of Ashworth is the source of information which forms the basis for plaintiffs' belief in the truth of any of the facts alleged in the SAC, identify each such former or current employee ... the paragraph of the SAC as to which each employee was a source of

information, and the information provided by each such employee which gave rise to the basis for the belief in the truth of the facts alleged." *Id.* at 2–3. Interrogatory No. 3 states: "Identify by full name, address, and telephone numbers each and every lay witness whose testimony you may use at trial of this case and describe the specific factual issues to which that testimony is expected to relate." *Id.* at 3.

2. Because this Court ultimately finds the information is protected as work product, this Court declines to address plaintiffs' remaining argument.

cedure 26(b)(3), which codifies the doctrine, provides in pertinent part that:

a party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed.R.Civ.P. 26(b)(3); *see Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)(work product protection is afforded to materials that "reveal an attorney's strategy, intended lines of proof, evaluation of strengths or weaknesses, and inferences drawn from interviews.").

Plaintiffs argue that the interrogatories at issue seek to discover the identities of those persons plaintiffs have selected to interview in their pretrial investigation which, in plaintiff's view, is protected under the doctrine. Defendant counters that the interrogatories are "only seeking the names of the witnesses who [p]laintiffs allege provided them with the facts supporting the allegations in the [second amended complaint]." Reply at 3. Thus, defendant contends the interrogatories do not require plaintiffs to reveal their investigatory strategy. *Id.*

Whether the information sought by defendant in this case is protected as work product is unclear. Both parties cite non-binding[3] case law in support of their respective positions.

Defendant cites two cases: *In re Aetna Inc. Sec. Litigation*, 1999 WL 354527

(E.D.Pa.1999) and *In re Theragenics Corp. Securities Litigation*, 205 F.R.D. 631 (N.D.Ga.2002) as most analogous to the instant case.[4] In *Aetna*, defendant sought, through interrogatories, the identities of persons described in the complaint along with the identities of supporting witnesses who were the basis for the allegations set forth in the complaint. Plaintiff responded with a list of 750 names and identified which paragraphs of the complaint each individual were deemed knowledgeable, claiming that a specific reference to those persons plaintiff interviewed constituted work product. 1999 WL 354527 at *1. The *Aetna* court found that such information was not protected as work product because "[t]he disclosure of the names and addresses of those individuals interviewed . . . will not reveal the 'mental impressions, conclusions, opinions, or legal theories of [plaintiffs'] attorneys.' " *Id.* at *3 (quoting Fed.R.Civ.P. 26(b)(3)).

The *Theragenics* court similarly found that plaintiff's list of 54 of plaintiff's employees with knowledge of facts alleged in the complaint was an insufficient response to interrogatories propounded by defendant. 205 F.R.D. at 633. Defendant's interrogatories asked for the identities of those employees that plaintiff had communicated with and who had provided information regarding certain paragraphs in their complaint. *Id.* The *Theragenics* court found that disclosure of this information would only minimally, if at all, reveal plaintiff's litigation strategy and, therefore, was not protected by the work product doctrine. *Id.* at 636.

Conversely, plaintiffs cite[5] to a recent unpublished decision handed down by a District

---

**3.** Neither party cites Ninth Circuit authority on point and this Court's independent research has revealed no clear binding authority for either party's position.

**4.** Defendant also relies on *American Floral Services, Inc. v. Florists' Transworld Delivery Assn.*, 107 F.R.D. 258 (N.D.Ill.1985). In that case, the court found no work product protection because "the separation of . . . two interviewees from the universe of 2000 (or even 200) potential witnesses . . . reveals nothing other than . . . information . . . relevant to this lawsuit." *Id.* at 262. This case is the most extreme example of the three cases relied upon by defendant and, in this Court's view, the least analogous to the instant

case. This Court has read and considered the *American Floral* court's holding and finds it unpersuasive.

**5.** Plaintiffs, in their opposition, as noted by defendant, cite cases that are, for the most part, distinguishable from the facts of this case or not directed at the issues presented herein. *See* Reply at 2–2 n. 1 (citing *Laxalt v. McClatchy*, 116 F.R.D. 438 (D.Nev.1987)); *Massachusetts v. First National Supermarkets*, 112 F.R.D. 149 (D.Mass. 1986); *Board of Educ. v. Admiral Heating and Vent., Inc.*, 104 F.R.D. 23 (N.D.Ill.1984); *In re Gupta Corp. Sec. Litig.*, 1995 WL 338893, 1995 U.S. Dist. LEXIS 21847 (N.D.Cal.1995); *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal.

Court in the Central District of California, in which the court found the identity of employees mentioned in plaintiff's complaint protected as work product. *In re MTI Technology Corp. Securities Litigation II,* No. SACV 00–0745 DOC (Anx)(C.D.Cal. June 13, 2002); *see* Pltffs.' *Ex Parte* Appl. for Leave to File Not. of Recent Auth., Exh. A at 4. The court in *MTI Technology* found the rationale set forth in *Aetna* unpersuasive and, therefore, declined to follow it for several reasons. *Id.* at 4. First, contrary to the *Aetna* court's finding, the *MTI Technology* court found that the "identification of individuals that are linked to very specific factual contentions in the [complaint] ... would necessarily reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future statements by the witnesses with [p]laintiff's counsel's legal theories and conclusions as outlined in the complaint." *Id.* at 5. Second, the court found that in comparison to the "unmanageable" number of individuals named by the *Aetna* plaintiff, a list of 71 individuals was not cost prohibitive. *Id.* Finally, the court discounted the *Aetna* court's reliance on policy considerations under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *Id.* at 6.

Plaintiffs' opposition is based on the premise that defendant's interrogatories seek the names of persons that plaintiffs interviewed. *See* Opp. at 3 ("Plaintiffs objected, however, to the discovery as seeking to ferret out the identity of those persons whom plaintiffs' counsel selected to interview."). Defendant maintains that the interrogatories do not seek such information. *See* Reply at 1 ("Ashworth has not asked for ... information" regarding disclosure by plaintiffs of the names of persons selected for interview). This Court's review of the interrogatories

indicates that the questions do not specifically request such information, but, in this Court's view, there is a reasonable possibility that such information could be ferreted out if plaintiffs were required to more fully respond. Therefore, this Court must decide whether such information is protected as work product.

Of the three cases discussed earlier, this Court finds the *MTI Technology* case most persuasive. This Court notes that defendant concedes the case involves "essentially the same facts as here." Suppl. Reply at 1. Defendant, however, urges this Court not to follow the decision because "it is not binding and is not based on sound reasoning." *Id.* As to the latter point, defendant notes that the court in MTI Technology, in reaching its decision, relied upon some of the same cases that plaintiffs cited in support of their opposition which, as previously explained, were not squarely on point with the instant case. *See id.* at 2 (noting reliance upon *Mass. v. First Nat'l Supermarkets,* 112 F.R.D. at 154; *Laxalt v. McClatchy,* 116 F.R.D. at 443; and *McIntyre v. Main St. & Main, Inc.,* 2000 WL 33117274 *2 (N.D.Cal.2000)). Defendant also points out that the *MTI Technology* court failed to "sufficiently address[ ] or distinguish[ ] all of the directly contrary authority which support [defendant's] position that it is entitled to know the identities of the witnesses in the [second amended complaint]." *Id.* Defendant goes on to assert that the court's decision is "nonsensical and not sound policy," arriving at a "sweeping conclusion [that] is wholly unfounded." *Id.* at 4.[6] Thus, defendant contends that the court's rejection of the *Aetna* case "is simply not tenable" because its rationale for rejection was flawed. *Id.* at 3.

This Court agrees that the decision is not binding on this Court. However, this Court's review of the decision reveals that the court,

App.4th 214, 54 Cal.Rptr.2d 575 (3rd Dist.1996). This Court's review of these cases reveals that the rationales used by these courts have little, if any, impact on the issues or facts presented herein. Accordingly, this Court deems these cases unpersuasive and directs its attention to the most analogous case cited by plaintiffs.

**6.** Defendant directs this Court's attention to the *MTI Technology* court's statement that " '[d]isclo-

sure of [the] identify [of the witnesses referred to in the complaint] would necessarily reveal counsel's opinions regarding the relative importance of these witnesses [and] the highlights/factual knowledge' " and "that disclosure 'would link any future factual statements by the witnesses with [p]laintiffs' counsel's legal theories and conclusions as outlined in the complaint.' " *Id.*

in MTI Technology, adequately justified its reasoning by presenting sufficient support for its rationale. The fact that the court did not fully discuss every case cited by defendant is not, in this Court's view, persuasive reasoning to disregard the holding. This Court finds that the *MTI Technology* court's decision was neither "unfounded" nor as "sweeping" as defendant suggests. The *Aetna* court, in finding little or no work product protection, concluded that "[t]he disclosure of the names and addresses of those individuals interviewed by [p]laintiffs' counsel will not reveal the 'mental impressions, conclusions, opinions, or legal theories of [plaintiffs'] attorneys." 1999 WL 354527 at *3. The court, in *Aetna,* did not explain how it reached that conclusion. *See id.*

The instant case can be distinguished from the facts in *Aetna.* Unlike the 750 witnesses in *Aetna,* here there are approximately 100 potential witnesses who are, for the most part, former or current employees of defendant. Thus, in this Court's view, the number of individuals from which defendant may investigate the facts is not as unmanageable as the 750 individuals in the *Aetna* case, particularly where defendant is in the best position to know what type of information each individual may possess. Additionally, due to the relationship between defendant and the potential witnesses, investigative efforts would not be cost prohibitive.

Although the facts involved in the *Theragenics* case are not as distinguishable from those in the instant case, the court in *Theragenics* relied specifically, and clearly based its holding, on the *Aetna* court's rationale in determining whether the information was protected as work product. *See Theragenics,* 205 F.R.D. at 634. This Court is not persuaded by the rationale presented in *Aetna.* Therefore, this Court finds the *Theragenics* decision also unpersuasive.

Additionally, this Court agrees with the *MTI Technology* court's rejection of the *Aetna* court's finding that disclosure would be "consistent with the policy considerations underlying" the PSLRA. Pltffs' *Ex Parte* Appl., Exh. A at 6; *Aetna,* 1999 WL 354527 at *4. The *MTI Technology* court found it unlikely that "alter[ing] the traditional dis-

covery dynamics" by "requiring disclosure at the discovery stage" would "further[ ] the goals of the PSLRA." Pltff.'s *Ex Parte* Appl., Exh. A at 5–6. The court noted that "the tool [Congress] selected was a heightened pleading standard—not a revision of the discovery rules themselves." *Id.* This Court also finds it unreasonable to conclude that the PSLRA's goal of reducing discovery costs was intended to transform the traditional rules of discovery for securities fraud cases.

This Court further agrees with the *MTI Technology* court regarding the public policy implications in disclosure of former (and current) employees who inform against their employer. *See* Pltffs' *Ex Parte* Appl., Exh. A at 7. The *MTI Technology* court noted that where a witness may be identified as an informant rather than an uninterested witness, significant consequences may result. *Id.* (citing *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.,* 459 F.2d 303, 306 (5th Cir.1972)). Thus, the court found that "there is a legitimate policy concern that militates against requiring disclosure," even though "the whistle-blower privilege is not available in [a] private suit." *Id.*

Accordingly, this Court finds persuasive the reasoning of the court in MTI Technology. This Court, therefore, finds, as did the *MTI Technology* court, that any further response by plaintiffs to defendant's Special Interrogatory Nos. 1 through 3 "would necessarily reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future statements by the witnesses with [p]laintiff's counsel's legal theories and conclusions as outlined in the complaint." Pltffs' *Ex Parte* Appl., Exh. A at 5. Accordingly, this Court finds that the information sought by defendant is protected as attorney work product.

**2. Substantial Need and Undue Hardship**

The work product doctrine, however, only provides a qualified protection from discovery. *See* Fed.R.Civ.P. 26(b)(3); *see also Hickman,* 329 U.S. at 511–12, 67 S.Ct. 385. The information sought by defendant could still be ordered disclosed upon a showing

that defendant "has substantial need of the materials" and "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). Defendant claims that it will "be forced to undertake the time-consuming and exorbitantly expensive task of deposing the over 100 persons named in [p]laintiffs' Initial Disclosures and Responses to [defendant's] Special Interrogatories." Mot. at 11. Plaintiffs contend that because the 100 named individuals are, for the most part, defendant's own employees, defendant cannot show substantial need or undue hardship. *See* Opp. at 6–7. Plaintiffs note that "defendants are in the best position to know what type of information each of these individuals would have." *Id.* at 7. Thus, plaintiffs claim that defendant should be required to "do their own work and interview the persons already listed in plaintiffs' disclosures." *Id.*

This Court agrees with plaintiffs' assessment. Because the 100 individuals are current or former employees or sales representatives of defendant, this Court is unconvinced that defendant must depose each and every one of these individuals in order to ascertain whether they contributed to the allegations contained in the plaintiffs' second amended complaint. Therefore, this Court finds that defendant has failed to demonstrate substantial need and undue hardship sufficient to overcome the work product protection for the information sought in its Special Interrogatory Nos. 1 through 3. *See* Fed.R.Civ.P. 26(b)(3).

### CONCLUSION

For the reasons set forth above, this Court finds that the additional information sought by defendant in its Special Interrogatory Nos. 1 through 3 is protected as work product and that defendant has not demonstrated substantial need or undue hardship sufficient to overcome the protection. Accordingly, IT IS HEREBY ORDERED that defendant's motion to compel further responses to special interrogatories is DENIED.